COMMONWEALTH OF THE NORTH-ERN MARIANA ISLANDS, Plaintiff—Appellee,

v.

Yi Xiou ZHEN, Defendant—Appellant.

No. 02–10365.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 6, 2003.

Decided May 30, 2003.

Before: LEAVY, RYMER, and T.G. NELSON, Circuit Judges.

MEMORANDUM *

Yi Xiou Zhen appeals the decision of the Supreme Court of the Commonwealth of the Northern Mariana Islands ("CNMI") affirming her conviction and sentence for promoting prostitution in the second degree. We have jurisdiction pursuant to 48 U.S.C. § 1824, and we affirm.

 Zhen raises several constitutional challenges to her conviction. Although we may review Zhen's equal protection challenge, we can discern no class-based claim or allegation of discriminatory application. Accordingly, no cognizable equal protection claim exists for our review.[1] Her substantive due process and Sixth Amendment claims are also reviewable. However, our decision in *CNMI v. Atalig*[2] controls and defeats her claims. The right to a jury trial is not fundamental in this context. Finally, her Confrontation Clause claim is meritless. The court was free to prevent inquiry into tangential issues that would waste its time.[3] It properly did so here.

 Zhen also argues that the CNMI Supreme Court misinterpreted the CNMI law providing for jury trials.[4] We may only review this issue if the CNMI Supreme Court's decision is either a "subterfuge to avoid federal review of a constitutional violation" or an untenable interpretation of the law.[5] It is neither. As discussed above, no fundamental right to a jury trial exists in the CNMI. Moreover, the statute distinguishes between the sums at issue, and Zhen was charged and convicted under 6 CMC § 1346(c), not § 1346(e)(2). Thus, the CNMI Supreme Court's decision is reasonable, and it certainly does not meet the standard allowing for our review.[6]

 Zhen's final claim is that the evidence does not support her conviction. We strongly disagree. The statute's broad definition of sexual conduct[7] clearly encompasses "sex," as used in Zhen's statement to Matsumura.

For the foregoing reasons, we affirm.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *Freeman v. City of Santa Ana,* 68 F.3d 1180, 1187 (9th Cir.1995).

2. 723 F.2d 682, 690 (9th Cir.1984).

3. *See* FED.R.EVID. 403; COM. R. EVID. 403; *Delaware v. Van Arsdall,* 475 U.S. 673, 679, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986).

4. 7 CMC § 3101.

5. *Ferreira v. Borja,* 1 F.3d 960, 962 (9th Cir. 1993) (internal quotation marks omitted).

6. *Id.*

7. *See* 6 CMC § 1341(a).